UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RINALDI,<br><br>        Petitioner,<br><br>    v.<br><br>H.A. RIOS, Warden,<br><br>        Respondent.<br>_____/ | 1:10-cv-01181 OWW MJS (HC)<br><br>FINDING AND RECOMMENDATION REGARDING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.   BACKGROUND**

Petitioner filed the instant petition on July 1, 2010. (Pet., ECF No. 1.) Petitioner is serving a sentence, imposed by the United States District Court for the Middle District of Pennsylvania, of 248 months for conspiracy to distribute cocaine, distribution of cocaine, possession of a firearm in relation to a crime, and possession of a firearm by a convicted felon. (Mot. to Dismiss, Ex. A, ECF No. 17-1.) Petitioner asserts he is actually innocent of the convictions and seeks relief via 28 U.S.C. § 2241. (Pet. at 6.) Petitioner claims that his innocence is a result of due process violations and ineffective assistance of counsel. (Id. at 7.)

///

## II. **LEGAL STANDARD**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162. In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner is attacking the conviction and sentence, not the manner, location, or conditions of the sentence's execution. Because Petitioner is challenging his conviction and sentence, he must pursue his claims in the sentencing court via a motion under 28 U.S.C. § 2255.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 2011 U.S. App. LEXIS 3799, *6 (9th Cir. February 28, 2011), *citing* Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

///

### III. **ANALYSIS**

Petitioner has not shown section 2255 is inadequate or ineffective. "A petition meets the escape hatch criteria where a petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Alaimalo v. United States, 2011 U.S. App. LEXIS 3799 at *6 (*citing* Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)). "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

Here, as described by Respondent, Petitioner did file several post conviction petitions, including a Section 2255 petition, and several other motions. (See Mot. To Dismiss, Ex. A.) Petitioner raised claims nearly identical to those of the present petition in a Petition for Writ of Audita Querela in the middle district of Pennsylvania in 2009. (Id., Ex. B.) In denying the petition, the court noted the several post-conviction filings already attempted by Petitioner, including his habeas petition under section 2255. (Id.) The court also noted that the proper vehicle for such claims is a petition of habeas corpus under section 2255 but that leave of the Court of Appeals to file a second or successive petition was required. (Id.) Petitioner previously filed an application to file a second or successive motion for relief under § 2255, and it was denied by the Third Circuit Court of Appeals. (Id., Ex. C.)

Petitioner's actual innocence arguments are based on assertions and declarations which state that he was not part of a conspiracy and that supportive evidence was not presented at trial due to ineffective assistance of counsel. A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d 895, 898. Petitioner has only presented factual allegations and a claim of ineffective assistance of

1 counsel. He asserts that if his trial counsel had interviewed these witnesses, they would
2 have testified to his innocence at trial. (Pet. at 8.) Petitioner was found guilty after a seven
3 day jury trial. Even if the evidence proposed by Petitioner was favorable, Petitioner does
4 not adequately explain why he was not able to present these claims by way of his § 2255
5 habeas corpus petition. He asserts that the affidavit evidence became available eight years
6 after his § 2255 petition. (Response, p. 6, ECF No. 18.) Even though Petitioner may have
7 not obtained the affidavits until eight years after his § 2255 petition, he does not explain
8 how the evidence is newly discovered or was otherwise not obtainable for such a period
9 of time. Petitioner's primary claim based on ineffective assistance of counsel rests on
10 established Supreme Court law.  Petitioner makes no showing why such a claim could not
11 have been presented, and the evidence contained in the affidavits obtained, at the time of
12 filing the § 2255 petition. As described in the Government's Response to Motion for Relief
13 from Judgment, Petitioner has previously presented affidavits of witnesses which allege
14 that he was not part of the conspiracy. (Mot. to Dismiss, Ex. C.)

15 Petitioner has not presented a sufficient showing that his remedy under § 2255 was
16 inadequate or ineffective to test the validity of his detention. Accordingly, the Court
17 recommends that the motion to dismiss be granted and the petition for habeas corpus
18 under § 2241 be dismissed.

19 **IV.     RECOMMENDATION**

20 Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
21 GRANTED.

22 This Findings and Recommendation is submitted to the assigned   United States
23 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
24 304 of the Local Rules of Practice for the United States District Court, Eastern District of
25 California. Within thirty (30) days after the date of service of this Findings and
26 Recommendation, any party may file written objections with the Court and serve a copy on
27 all parties.  Such a document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendation."  Replies to the Objections shall be served and filed within

fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 3, 2011              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE